UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA LEWIS,

      Plaintiff,                      Case No. 1:12-cv-639

vs.                                       Weber, J.
                                           Bowman, M.J.

UNITED STATES OF AMERICA.,

      Defendant.

**REPORT AND RECOMMENDATION**

This action is now before the Court on Defendant the United States of America's motion to dismiss Plaintiff's complaint pursuant to Rule 12 (b)(1) and 12(b)(6).  (Doc. 4). Also before the Court is Plaintiff's motion to dismiss, without prejudice (Doc. 5), and Defendant's reply memorandum in support of its motion to dismiss.  (Doc. 6)

**I.    Background and Facts**

Plaintiff appears to be an employee of the United States Postal Service.  On or about July 27, 2012, Cynthia A. Lewis, the Plaintiff, filed a *pro se* Complaint with the Hamilton County, Ohio Municipal Court's Small Claims Division, against John W. DePaul.  (Doc. 1).  Mr. DePaul is a manager with the United States Postal Service where Plaintiff is stationed.

Plaintiff's Complaint asserts that Mr. DePaul:

> Interfer[ed] with my FMLA (Family Medical Leave Act).  Mr. DePaul willfully changed my FMLA Status in order to harm me. for things that happened earlier in the week which resulted in a lot of Supervisors & Managers to be disciplined.

(*See* Doc. 2).

1

Upon receipt of the Complaint, Mr. DePaul sought representation from the United States Department of Justice which was granted, and an Assistant United States Attorney in the Southern District of Ohio was assigned representation of Mr. DePaul in this matter. On August 20, 2012, the United States Attorney for the Southern District of Ohio, Carter M. Stewart executed a "Certification of Scope of Employment" certifying that, based on the facts provided to Mr. Stewart by the United States Postal Service, and others, Mr. DePaul was acting within the scope of his employment with the United States Postal Service at all times relevant to the incidents out of which this Complaint arose.

The United States then filed the Notice of Removal with this Court under two separate statues: 28 U.S.C. § 2679(d)(2), and in the alternative, 28 U.S.C. § 1442. (Doc. 1).[1] For the purposes of removal, the United States of America is substituted as the Proper Defendant in this matter. 28 U.S.C. § 1346(b) as amended by 28 U.S.C. §§ 2671-2680 (1988) ("FTCA") (The Federal Employees Liability and Reform Act of 1988, § 5, Pub. L. No 100-694, 102 Stat. 4562 (1988)).

The United States now seeks dismissal of this action asserting that Plaintiff's complaint lacks subject matter jurisdiction and fails to state a claim for relief. Plaintiff also seeks dismissal, without prejudice, asserting that she has received the relief requested in the complaint. (Doc. 5). The United States, however, opposes Plaintiff's motion asserting that her complaint should be dismissed, *with prejudice*, for lack of jurisdiction. The undersigned agrees.

---

[1] This Notice of Removal was also filed along with a Notice in the Small Claims Court, Hamilton County, Ohio, Municipal Court.

2

**II.     Analysis**

**A.  Standards of Review under Rules 12(b)(1) and 12(b)(6)**

Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction.  *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).  "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits."  *Nichols*, 318 F.3d at 677 (citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986)).  "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true."  *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

Furthermore, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*,

3

478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

### B.  Plaintiff's Complaint is Properly Dismissed with Prejudice

It is well settled that the United States may not be sued without its consent under the doctrine of sovereign immunity.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  "'[T]he circumstances of [the waiver of sovereign immunity] must be scrupulously observed and not expanded by the courts.'"  *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (quoting *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000)).  Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed.  *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 et seq., grants a limited waiver of sovereign immunity and authorizes federal jurisdiction over suits against the United States Government for torts committed by its employees while in the scope of their employment.  The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent acts of federal employees within the scope of their employment. 28 U.S.C. §

2679(b)(1*); see also Roberts v. United States*, 191 F. App'x 338 (6th Cir. 2006) ("When a federal employee acts within the scope of her employment and commits a tort, any relief for that tort must be sought against the Government under the [FTCA].").

When suit is commenced against an employee of the United States, the United States Attorney is authorized to determine if the employee was acting within the scope of his or her employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(c); 28 C.F.R. § 15.4. Upon certification that a defendant employee was acting within the scope of his employment, 28 U.S.C. § 2679(d)(2) provides that any civil action arising out of the incident shall be deemed an action against the United States and that the United States shall be substituted as the defendant with respect to those claims. The Attorney General has delegated to the United States Attorney the authority to provide such certification. 28 C.F.R. § 15.4. Upon the United States Attorney's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. *Dolan v. U.S.*, 514 F.3d 587, 592 (6th Cir. 2008). Here, as detailed above, because the Complaint alleges that Mr. DePaul was acting within the scope of his employment as an employee of the USPS, and therefore the United States was substituted as the proper party in this action.

As detailed above, the United States has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies. 28 U.S.C. § 2675(a); *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (quoting *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) ("A prerequisite to suit under the FTCA ... is the exhaustion by the plaintiff of

5

administrative remedies.")). *See also Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir.1996) ("Because Joelson does not allege that he has filed an administrative claim, he has not satisfied the jurisdictional prerequisite to obtaining review under the Federal Tort Claims Act."). Thus, the FTCA requires that a claimant exhaust his or her administrative remedies before bringing suit. 28 U.S.C. § 2675(a). Here, however, there is no evidence that Plaintiff ever presented an administrative claim to the USPS prior to instituting her suit as required to avail to herself the limited waiver of sovereign immunity provided for by the FTCA. (Doc. 4, Ex. A). Plaintiff's failure to exhaust her administrative remedies mandate that her claims be dismissed, with prejudice, for lack of proper jurisdiction. *Singleton*, 277 F. 3d at 872-873.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 4) should be **GRANTED,** *with prejudice*; Plaintiff's motion to dismiss (Doc. 5) be **DENIED as MOOT** and this matter be **TERMINATED** on the active docket of the Court**.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA LEWIS,

       Plaintiff,                                            Case No. 1:12-cv-639

vs.                                                         Weber, J.
                                                             Bowman, M.J.

UNITED STATES OF AMERICA.,

       Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).